## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 20 2015, 9:41 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Joel Hoke,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 20, 2015

Court of Appeals Case No.
49A02-1409-CR-600

Appeal from the Marion Superior
Court

The Honorable Linda E. Brown,
Judge

The Honorable Christina Klineman,
Commissioner

Case No. 49F10-1312-CM-80905

**Crone, Judge.**

# Case Summary

[1] Joel Hoke appeals his conviction for class A misdemeanor operating while intoxicated with endangerment. He challenges the trial court's admission of statements he made to police and claims that the evidence is insufficient without those statements. Finding that he was not in custody when he made the statements and that the statements were properly admitted, we affirm.

# Facts and Procedural History

[2] Just after midnight on Christmas 2013, Marion County Sheriff's Department Reserve Deputy Clarence White was in his open garage when he heard a crashing sound. He walked around the corner and saw a vehicle in the front yard of a residence. The vehicle was damaged on the side and front end and appeared to have struck a tree and a mailbox. He saw a female exit the passenger side of the vehicle and heard her yell in an angry voice. The vehicle pulled backward and forward and eventually exited the yard and drove away.

[3] Deputy White quickly returned to his home and prepared to follow the driver in his squad car. He did not take time to put on his uniform or to retrieve his service weapon and badge. He pursued the driver, and within a few minutes, he spotted the damaged vehicle parked on the side of a cul-de-sac. A small group of people were standing around the vehicle, and Deputy White exited his squad car and asked who had been driving the vehicle. Hoke immediately responded that he was the driver, and the deputy told him that he had left the scene of a property damage accident and needed to return. Deputy White

instructed Hoke to re-enter his vehicle and drive to the accident site. Hoke did so, and the deputy followed in his squad car. When they reached the scene and were conversing, the deputy noticed that Hoke smelled of an alcoholic beverage.

[4] Minutes later, Indianapolis Metropolitan Police Department Officer Ricardo Flores arrived in response to a dispatch concerning a "crash with a possible intoxicated person." *Id*. at 37. After briefly conferring with Deputy White, Officer Flores asked Hoke what happened. Hoke said that he "was showing off driving a little too fast and lost control of the vehicle and [the] vehicle went up into the yard." Tr. at 45. The officer described Hoke as smelling like an "alcoholic beverage emitting from his breath or person," with eyes that were "glassy," "watery," and "red," and "sway[ing] slightly [though not] out of control." *Id*. Hoke admitted that he had consumed five beers. Officer Flores then administered three field sobriety tests, all of which Hoke failed. He read the implied consent information to Hoke and called a certified officer to conduct a chemical breath test, which showed a blood alcohol concentration ("BAC") of .08%.

[5] The State charged Hoke with class A misdemeanor operating a motor vehicle while intoxicated ("OWI") with endangerment and class C misdemeanor operating a motor vehicle with a BAC of .08 to .14%. At trial, the parties stipulated to the admission of the chemical test results; however, Hoke objected to the introduction of his statements to Officer Flores, claiming that he was in custody at the time he made them and was not read his *Miranda* rights. The

trial court admitted the statements and found him guilty as charged.  The trial court merged the convictions and entered judgment on class A misdemeanor OWI with endangerment.[1]  Hoke now appeals.

## Discussion and Decision

[6]  Hoke maintains that the trial court erred in admitting his statements to Officer Flores.  Because a trial court has broad discretion in ruling on the admissibility of evidence, we review its rulings using an abuse of discretion standard.  *Turner v. State*, 953 N.E.2d 1039, 1045 (Ind. 2011).  An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it.  *Id.*

[7]  Hoke specifically asserts that he was in custody when he made the challenged statements to Officer Flores and had not been Mirandized.  *See Miranda v. Arizona*, 384 U.S. 436, 444 (1966) (prohibiting introduction of any statement, whether inculpatory or exculpatory, stemming from custodial interrogation of defendant without first informing defendant of his right to remain silent and right to an attorney and warning that statements he makes can be used as evidence against him).  "Whether a person was in custody depends upon objective circumstances, not upon the subjective views of the interrogating

---

[1]  *See* Ind. Code § 9-30-5-2(b) (stating that a person who operates a vehicle while intoxicated in a manner that endangers a person commits OWI with endangerment, a class A misdemeanor).

officers or the subject being questioned." *Gauvin v. State*, 878 N.E.2d 515, 521 (Ind. Ct. App. 2007), *trans. denied* (2008).

> Although the circumstances of each case must certainly influence a determination of whether a suspect is "in custody" for purposes of receiving of *Miranda* protection, the ultimate inquiry is simply whether there is a "formal arrest or restraint on freedom of movement" of the degree associated with a formal arrest.

*California v. Beheler,* 463 U.S. 1121, 1125 (1983) (quoting *Oregon v. Mathiason,* 429 U.S. 492, 495 (1977)).

[8] Here, the objective circumstances do not support Hoke's argument that he was in custody when he made the statements to Officer Flores. First, we note that Deputy White never placed him in custody, either by the cul-de-sac or back at the crash site. Instead, when the deputy first inquired about the driver of the damaged vehicle and Hoke admitted that he was the driver, the deputy did not place him in handcuffs or order him into his squad car. Instead, he merely stated that Hoke had left the scene of a property damage accident at the stated address and instructed him to return to the crash site. Hoke drove himself there, and the deputy followed behind.

[9] When the two men returned to the crash site, the deputy detected a smell of alcohol on Hoke's breath. Officer Flores was then dispatched to the crash site on a report of a "crash with a possible intoxicated person." Tr. at 37. After he arrived, he spoke briefly with the deputy and then asked for Hoke's version of the events. Hoke told the officer that he had driven too fast and crashed into the yard. The officer observed Hoke's red, watery eyes and the smell of an

alcoholic beverage on his breath and asked him if he had been drinking. Hoke said that he had consumed five beers. At that time, Officer Flores had neither handcuffed him nor physically restrained him in any way. Instead, the officer administered field sobriety tests and ordered a breathalyzer test. In short, Hoke's verbal account of the crash and his alcohol consumption was not given as part of a custodial interrogation. Thus, the trial court did not abuse its discretion in admitting this evidence.

[10] Hoke also raises a sufficiency of evidence claim. However, this claim is premised solely on the admissibility of his statements to Officer Flores concerning his identity as the driver, which were properly admitted.[2] As such, we affirm.

[11] Affirmed.

Brown, J., and Pyle, J., concur.

---

[2] Even if Hoke's statements had been the product of an improper custodial interrogation, such error would be harmless, since his conviction is supported by independent, properly admitted evidence. *Combs v. State*, 895 N.E.2d 1252, 1259 (Ind. Ct. App. 2008), *trans. denied* (2009). Hoke had already given a more general admission to Deputy White concerning his identity as the driver. He made this admission just minutes after the crash, when he and his companions were standing beside the damaged vehicle. To the extent that he claims that such an admission applied only to that exact moment, we find this argument unpersuasive, since no person was inside the vehicle at that exact moment and the crash had just occurred. Hoke's actions after he admitted to being the driver indicate ready access to the vehicle as well as a familiarity with the crash location, as he had the means to start the vehicle and he drove it directly to the stated address.